09-1905-cv
Glatzer v. Barone

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand ten.

PRESENT:
          JON O. NEWMAN,
          PETER W. HALL,
                    *Circuit Judges*,
          JANE A. RESTANI,[*]
                    *Judge.*

_____

Bernard H. Glatzer,

          *Plaintiff-Appellant*,

          v.                                                          09-1905-cv

Hon. John A. Barone, Hon. Larry S. Schachner,
Hon. Jonathan Lippman,

          *Defendants-Appellee*s.

_____

---

          [*] Chief Judge Jane A. Restani of the United States Court of International Trade, sitting by designation.

FOR APPELLANT:            Bernard H. Glatzer, *pro se*, Bronx, NY.

FOR APPELLEES:            Andrew M. Cuomo, Attorney General of the State of New York;
                         Barbara D. Underwood, Solicitor General; Micheal Belohlavek,
                         Senior Counsel; Sudarsana Srinivasan, Assistant Solicitor General,
                         New York, NY.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Marrero, *J.*)

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court be **AFFIRMED**.

Appellant Bernard H. Glatzer, an attorney proceeding *pro se*, appeals the district court's judgment, granting the Defendants' motion to dismiss his 42 U.S.C. § 1983 complaint for lack of subject matter jurisdiction, and the district court's denial of his post-judgment motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, *see Scherer v. Equitable Life Assur. Soc'y*, 347 F.3d 394, 397 (2d Cir. 2003), and review the district court's denial of a motion for reconsideration for abuse of discretion, *see RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003) (per curiam).

Glatzer argues on appeal that the district court erred by abstaining from exercising subject matter jurisdiction over his claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts must abstain from exercising subject matter jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings. *See*

2

*Younger*, 401 U.S. at 43-44.  Abstention is mandatory where: (1) "there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court."  *Liberty Mutual Ins. Co. v. Hurlbut*, 585 F.3d 639, 647 (2d Cir. 2009) (quoting *Philip Morris, Inc. v. Blumenthal*, 123 F.3d 103, 105 (2d Cir. 1997)).

Glatzer asserts that *Younger* should not preclude his claims because there was no ongoing state proceeding, and that New York State courts did not provide him with an opportunity to raise his federal constitutional claims.  He is mistaken.  First, the district court's judgment dismissing Glatzer's complaint was entered on March 30, 2009, more than a month before the New York Appellate Division, First Department, dismissed his state court appeals; the district court's May 2009 decision merely clarified the basis for its March 2009 decision.  Thus, at the time the district court entered judgment, his state appellate proceedings were still pending.  More significantly, even assuming, *arguendo*, that the Appellate Division dismissed his appeals prior to the district court entering its decision, his state court proceedings were still pending, as he remained free to appeal to the New York Court of Appeals.

Fundamental to *Younger* is the principle that "a party . . . must exhaust his state appellate remedies before seeking relief in the District Court[;] . . . the considerations of comity and federalism which underlie *Younger* permit no truncation of the exhaustion requirement merely because the losing party in the state court . . . believes that his chances of success on appeal are not auspicious."  *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608, 610 (1975).  That Glatzer may believe that an appeal to the Court of Appeals was futile, and that, by consequence, his state proceedings were effectively completed, is irrelevant.  Because he could still seek leave to appeal to the Court of Appeals at the time the district court entered judgment, the district court

correctly found that the first *Younger* criterion was satisfied.

Second, Glatzer's challenge to the third *Younger* prong is unavailing. He maintains that because the Appellate Division did not explicitly analyze his federal constitutional claims in its order dismissing his appeals, that demonstrates there was no avenue open for review of his constitutional claims in the state court. However, "[t]he relevant question under *Younger* is whether the state's procedural remedies *could* provide the relief sought [not] . . . whether the state *will* provide the constitutional ruling which the plaintiff seeks." *Spargo v. New York State Comm'n on Judicial Conduct,* 351 F.3d 65, 79 (2d Cir. 2003) (internal quotation marks and citations omitted) (emphasis in *Spargo*). Nothing in the Appellate Division's order suggests that, as a procedural matter, that court was incapable of providing the constitutional relief that Glatzer sought; the order simply indicates that, based on that court's review of the parties' filings, Glatzer was not entitled to relief.

Finally, insofar as Glatzer seeks an exception to *Younger* based on the Defendants' purported egregious conduct, there is no evidence, other than Glatzer's conclusory allegations, to support this assertion. Courts have recognized two narrow exceptions to *Younger*: (1) bad faith—"cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction"; and (2) extraordinary circumstances—where "'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, . . . creating an extraordinarily pressing need for immediate federal equitable relief." *Diamond "D" Const. Corp. v. McGowan,* 282 F.3d 191, 198-202 (2d Cir. 2002). Glatzer cannot prevail on the first exception because, like the *Younger* doctrine itself, "the genesis of the so-called bad faith exception was in the context of criminal prosecutions,"

4

and thus, to invoke this exception, "a federal plaintiff must show that the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." *Id.* at 198-99. Here, it was Glatzer, not the state, who initiated all of the relevant state court proceedings. As to the second exception, although Glatzer repeatedly accuses the Defendants of bias and "extreme resentment," he alleged no facts to support these accusations apart from the fact that the Defendants denied him the relief that he sought.

We have considered all of Glatzer's remaining arguments and found them to be without merit. Accordingly, we **AFFIRM** the district court's judgment, and, on that basis, **AFFIRM** the district court's order denying Glatzer's post-judgment motion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5